Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| OCLIDES AGUILERA AGUILERA<br><br>Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurrido | TA2026RA00092 | *Revisión* Administrativa procedente de la Junta de Libertad Bajo Palabra<br><br>Caso Núm.: 150047<br><br>Sobre:<br>No Concesión del Privilegio de Libertad Bajo Palabra – Detainer Inmigración |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de junio de 2026.

Comparece ante nos el Sr. Oclides Aguilera Aguilera (en adelante, "señor Aguilera Aguilera" o "recurrente") para que revoquemos la *Resolución* emitida el 29 de diciembre de 2025,[1] por la Junta de Libertad Bajo Palabra (en adelante, "JLBP" o "recurrida"), mediante la cual determinó no conceder el privilegio de libertad bajo palabra al señor Aguilera Aguilera.[2]

Examinado el recurso, resolvemos ***confirmar*** la *Resolución* recurrida. Veamos.

**-I-**

El señor Aguilera Aguilera cumple una sentencia consolidada de ciento ocho (108) años de reclusión por el delito de asesinato en primer grado del Código Penal de 1974 y por infracciones a los

---

[1] Archivada en autos el 13 de enero de 2026 y notificada al recurrente el 27 de enero de 2026.
[2] Véase, *Apéndice 2 - Resolución Recurrida* en la Entrada Núm. 1 del caso en el TA2026RA00092 en SUMACTA.

Artículos 6 y 8 de la Ley de Armas de 1951.[3] Dicha sentencia será cumplida el 5 de enero de 2099.[4] Al momento de la presentación de este recurso y desde el 5 de septiembre de 2019, el recurrente se encuentra clasificado en custodia mínima.[5]

El **13 de septiembre de 2024**, la JLBP en virtud de la Ley Núm. 85-2022 adquirió jurisdicción sobre el caso del señor Aguilera Aguilera.[6] Evaluado el expediente, la JLBP emitió además, las siguientes determinaciones:

3. *El 30 de mayo de 2019, completó el Programa de Tratamiento Psico-Educativo Aprendiendo a Vivir sin Violencia ofrecido por la Sección de Programa de Evaluación y Asesoramiento (SPEA), el cual es necesario debido a la naturaleza de los delitos por los cuales cumple sentencia.*
4. *El peticionario fue evaluado psicológicamente por la SPEA el 16 de noviembre de 2023 y cuenta con el Informe de evaluación psicológica.*
5. *La parte peticionaria propuso residir con su hermano, Javier Rodríguez Aguilera, en la Calle 12, Puerto Nuevo Norte #1356 en el municipio de San Juan, Puerto Rico. No obstante, del expediente no surge evidencia de corroboración de parte del Programa de Comunidad correspondiente del DCR.*
6. *Por otra parte, presentó como oferta de empleo trabajar para la compañía "JR General Constructions" localizada en la Urb. Puerto Nuevo, 18 N-0 #1385 en el municipio de San Juan, Puerto Rico. Sin embargo, tampoco surge evidencia de que esta haya sido corroborada por el DCR.*
7. *El **peticionario cuenta con un "detainer" de inmigración** expedido por el ("Department of Homeland Security" (DHS)).*[7]

Una vez evaluada la documentación del señor Aguilera Aguilera, el **29 de diciembre de 2025**,[8] la JLBP emitió una *Resolución* en la que denegó al recurrente el privilegio de libertad bajo palabra.[9]

---

[3] Véase, Determinaciones de Hechos Núm. 1 en el *Apéndice 2 - Resolución Recurrida* en la Entrada Núm. 1 del caso en el TA2026RA00092 en SUMACTA, pág. 1.

[4] Íd.

[5] Véase, Determinaciones de Hechos Núm. 2 en el *Apéndice 2 - Resolución Recurrida* en la Entrada Núm. 1 del caso en el TA2026RA00092 en SUMACTA, pág. 1.

[6] Véase, *Apéndice 2 - Resolución Recurrida* en la Entrada Núm. 1 del caso en el TA2026RA00092 en SUMACTA, pág. 1.

[7] *Íd.* (énfasis suplido).

[8] Archivada en autos el 13 de enero de 2026 y notificada al recurrente el 27 de enero de 2026.

[9] El recurrente alega haber sometido un recurso de reconsideración ante la JLBP el día 4 de febrero de 2026, el cual alega no fue acogido. Sin embargo, la JLBP certifica no haber recibido moción de reconsideración alguna por parte el Sr. Aguilera Aguilera. Véase, *Anejo I – Certificación* en la Entrada Núm. 5 del caso en el TA2026RA00092 en SUMACTA.

Inconforme, el **26 de febrero de 2026**,[10] el señor Aguilera Aguilera acudió ante nos mediante recurso de revisión e imputó la comisión de los siguientes errores:[11]

> *PRIMER ERROR: Erró la JLBP al concluir que un extranjero deportable no cualifica para la JLBP ya que tal interpretación viola las disposiciones constitucionales que prohíben el discrimen y garantizan la igual protección de las leyes por establecer un trato desigual a priori, en contra de los inmigrantes ilegales sujetos a deportación.*

> *SEGUNDO ERROR: Erró la JLBP al celebrar la vista sin el informe investigativo.*

> *TERCER ERROR: Erró la JLBP al modificar el reglamento para que un extranjero deportable no cualifique para el privilegio de libertad bajo palabra.*

Luego de varios trámites procesales, el **31 de marzo de 2026**, la JLBP compareció a través de la Oficina del Procurador General de Puerto Rico mediante *Escrito en cumplimiento de Resolución*.[12]

Con la comparecencia de ambas partes, procedemos a resolver.[13]

**-II-**

**A.**

La revisión judicial permite a los tribunales garantizar que las agencias administrativas actúen dentro de los márgenes de las facultades que le fueron delegadas por ley.[14] A su vez, posibilita el poder constatar que los organismos administrativos "cumplan con los mandatos constitucionales que rigen el ejercicio de su función, especialmente con los requisitos del debido proceso de ley".[15]

Referente a esta doctrina, la *Ley de Procedimiento Administrativo Uniforme de Puerto Rico*, dispone que "[l]as determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que

---

[10] El recurso de revisión fue firmado por el recurrente confinado el 26 de febrero de 2026 y ponchado por este Tribunal el 5 de marzo de 2026.
[11] Entrada Núm. 1 del caso en el TA2026RA00092 en SUMACTA.
[12] Entrada Núm. 5 del caso en el TA2026RA00092 en SUMACTA.
[13] Entrada Núm. 6 del caso en el TA2026RA00092 en SUMACTA.
[14] *Comisión Ciudadanos v. GP Real Prop.*, 173 DPR 998, 1015 (2008).
[15] *Íd.*

obra en el expediente administrativo".[16] Nuestro más Alto Foro ha expresado que al ejercer la revisión judicial, los tribunales no pueden descartar de forma absoluta la determinación de una agencia, sino que primero tienen que examinar la totalidad del expediente y determinar si la interpretación de la agencia constituyó un ejercicio razonable de su discreción administrativa, así fundamentado en la pericia particular de esta, en consideraciones de política pública o en la apreciación de la prueba.[17] Dicho de otro modo, solo procede sustituir el criterio de la agencia por el del tribunal revisor cuando no exista una base racional para explicar la decisión administrativa.[18]

**B.**

La Constitución de Puerto Rico, en su Artículo VI, Sección 19, dispone y autoriza al Estado en su ejercicio de implementación política pública "...reglamentar las instituciones penales para que sirvan a sus propósitos en forma efectiva y propender, dentro de los recursos disponibles, al tratamiento adecuado de los delincuentes para hacer posible su rehabilitación moral y social".[19]

Cónsono con esta disposición constitucional, la Junta de Libertad Bajo Palabra fue creada mediante la Ley Núm. 118 de 22 de julio de 1974, según enmendada, conocida como la *Ley de la Junta de Libertad Bajo Palabra*, con el fin de facultar a tal entidad con la autoridad para "decretar la libertad bajo palabra de cualquier persona recluida en cualquiera de las instituciones penales de Puerto Rico".[20] Por lo que, la JLBP "es una agencia administrativa de ley y orden con funciones cuasi judiciales cuya finalidad es la

---

[16] Sec. 4.5 de la Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9675.
[17] *Otero v. Toyota*, 163 DPR 716, 729 (2005).
[18] *Capó Cruz v. Junta de Planificación*, 204 DPR 581, 591 (2020).
[19] Art. VI, Sec. 19, Const. PR, LPRA, Tomo 1.
[20] Art. 3 de la Ley Núm. 118 de 22 de julio de 1974, según enmendada, 4 LPRA sec. 1503.

rehabilitación de las personas convictas de delito, protegiendo, a su vez, los mejores intereses de la sociedad y victimas de delito".[21]

Mediante dicha ley y agencia se "permite que una persona que haya sido convicta y sentenciada a un término de cárcel cumpla la última parte de su sentencia fuera de la institución penal, sujeto al cumplimiento de las condiciones que se impongan para conceder la libertad".[22]

El beneficio de la libertad bajo palabra es una medida correccional de génesis legislativo, dirigido a fomentar la disciplina carcelaria y la rehabilitación del convicto. Nuestro Tribunal Supremo ha expresado que el mismo "no es un derecho reclamable, sino un privilegio, cuya concesión y administración recae en el tribunal o en la Junta".[23]

La Ley de la Junta de Libertad Bajo Palabra, delega en la JLBP "la facultad de decretar el privilegio de libertad bajo palabra a toda persona que este recluida bajo la custodia de cualquiera de las instituciones correccionales de Puerto Rico, **siempre y cuando cumpla con los requisitos establecidos**".[24] Dispone en su Artículo 3-D, que la JLBP tendrá facultad para conceder el privilegio de libertad bajo palabra a una persona recluida en una institución penal en Puerto Rico, tomando en consideración los siguientes criterios:

> *(1) La naturaleza y circunstancias del delito o delitos por los cuales cumple sentencia.*
> *(2) Las veces que el confinado haya sido convicto y sentenciado.*
> *(3) Una relación de liquidación de la sentencia o sentencias que cumple el confinado.*
> *(4) La totalidad del expediente penal, social, y los informes médicos e informes por cualquier profesional de la salud mental, sobre el confinado.*
> *(5) El de ajuste institucional y del social y psicológico del confinado, preparado por la Administración de Corrección y el*

---

[21] *Reglamento de la Junta de Libertad Bajo Palabra*, Reglamento Núm. 9684, Departamento de Estado, 8 de agosto de 2025, pág. 4.

[22] *Maldonado Elías v. González Rivera*, 118 DPR 260, 275 (1987).

[23] *Quiles v. Del Valle*, 167 DPR 458, 475 (2006).

[24] *Reglamento de la Junta de Libertad Bajo Palabra*, Reglamento Núm. 9684, Departamento de Estado, 8 de agosto de 2025, pág. 4. (énfasis suplido).

*médico y psiquiátrico preparado por Salud Correccional del Departamento de Salud.*

*(6) La edad del confinado.*

*(7) El o los tratamientos para condiciones de salud que reciba el confinado.*

*(8) La opinión de la víctima.*

*(9) Planes de estudios, adiestramiento vocacional o estudio y trabajo del confinado.*

*(10) Lugar en el que piensa residir el confinado y la actitud de dicha comunidad, de serle concedida la libertad bajo palabra.*

*(11)* ***Cualquier otra consideración meritoria que la Junta haya dispuesto mediante reglamento.*** *La Junta tendrá la discreción para considerar los mencionados criterios según estime conveniente y emitirá resolución escrita con determinaciones de hechos y conclusiones de derecho.[25]*

Por su parte, el Artículo X del Reglamento de la JLBP dispone los criterios a ser evaluados por la agencia al considerar la aplicación en cada caso. Entre ellos, se encuentra:

1. *Historial delictivo*

   *[…]*

   e. *Si existe una orden de detención ("detainer") emitida por cualquier tribunal dentro de la jurisdicción de los Estados Unidos de América, el tribunal federal, o el gobierno federal.*

   f. ***La Junta no concederá el privilegio de libertad bajo palabra cuando exista un orden de detención ("detainer")[26] emitida por el Servicio de Inmigración y Naturalización.[27]***

## -III-

El señor Aguilera Aguilera nos solicita la revisión de la *Resolución* de la JLBP en la que se decretó que no cualifica para beneficiarse del privilegio de libertad bajo palabra.

Sin embargo, evaluado el expediente y las leyes aplicables, el recurrente no cumple con los requisitos y criterios establecidos mediante el Reglamento Núm. 9684 de la JLBP para ser considerado

---

[25] Art. 3-D de la Ley Núm. 118 de 22 de julio de 1974, según enmendada, 4 LPRA sec. 1503(d). (énfasis suplido).

[26] Conforme con la definición del 8 CFR § 287.7 un "detainer" federal es una orden de detención que tiene como propósito notificar a una agencia estatal de orden público que el Servicio de Inmigración y Control de Aduanas de los Estados Unidos (ICE, por sus siglas en inglés) u otros funcionarios del Departamento de Seguridad Nacional (DHS, por sus siglas en ingles), solicitan la custodia de una persona extranjera que se encuentra actualmente bajo la custodia de la mencionada agencia estatal, con el objetivo de proceder con su arresto y eventual remoción. Esta orden constituye una solicitud para que dicha agencia notifique a las agencias federales antes de proceder con la liberación del extranjero, con el fin de que se pueda coordinar asumir la custodia. *Reglamento de la Junta de Libertad Bajo Palabra*, Reglamento Núm. 9684, Departamento de Estado, 8 de agosto de 2025, pág. 8.

[27] *Reglamento de la Junta de Libertad Bajo Palabra*, Reglamento Núm. 9684, Departamento de Estado, 8 de agosto de 2025, pág. 38. (énfasis suplido).

al beneficio de libertad bajo palabra. Conceder lo contrario iría en contra de los estatutos, la política pública establecida y las facultades concedidas a la JLBP.

Surge de la *Resolución* que el señor Aguilera Aguilera cuenta con un "detainer" de inmigración expedido por el DHS, lo cual acorde al Reglamento Núm. 9684 de la JLBP, impide por sí, que se le conceda la libertad bajo palabra.

Así pues, resolvemos que la determinación de la JLBP constituyó un ejercicio razonable de su sana discreción administrativa y su resolución no resulta irrazonable o arbitraria, pues surge de los hechos evaluados que el señor Aguilera Aguilera cuenta con un "detainer" de inmigración del DHS.

**-IV-**

Por todo lo anteriormente consignado, resolvemos ***confirmar*** la *Resolución* recurrida.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


                    Lcda. Lilia M. Oquendo Solís
                 Secretaria del Tribunal de Apelaciones